**MEI RONG ZOU (aka: Sou, Mei Long), Petitioner,**

v.

**Michael MUKASEY, Respondent.**

No. 08–0342–ag.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Edward E. Wiggers, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C. for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Mei Rong Zou, a native and citizen of China, seeks review of the December 26, 2007 order of the BIA affirming the November 14, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT"). *In re Mei Long Sou*, No. A 78 016 108 (B.I.A. Dec. 26, 2007), *aff'g* No. A 78 016 108 (Immig. Ct. N.Y. City Nov. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, because Zou failed to challenge the IJ's denial of CAT relief either before the BIA or this Court, we deem any such claim abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007). Additionally, because Zou fails to assert before this Court any error in the IJ's finding that she does not have a well-founded fear of persecution based on the birth of her child in the United States or her desire to have additional children, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Substantial evidence supports the agency's adverse credibility determination. That determination was based in part on the inconsistencies between Zou's testimony and the record of her airport interview regarding why she came to the United States. While Zou claimed before the IJ and in her asylum application that she fled to this country based on her persecution under China's family planning policy, during her airport interview she stated that she did not fear returning to China, that she would not be harmed upon her return, and that she had been tricked into coming to the United States. Asked if she had anything to add, she told the interviewing officer that she wanted to return to China and did not want to be in the United States.

Rather than claim that she did not make these statements, Zou claims that the record of her airport interview is unreliable where she was scared, both because of her past experiences in China and because U.S. immigration officials were yelling at her. Such arguments are unavailing. In *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir.2004), this Court held that where discrepancies arise from an applicant's statements in an airport interview, the report of the interview must be closely examined to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Id.* at 179. Although specific factors need not be assessed in every case, *see Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir.2005), the Court generally evaluates four factors to determine whether the record of the interview was sufficiently reliable. *Ramsameachire*, 357 F.3d at 179–80. The only factor relevant here is whether the applicant appears to have been reluctant to reveal information to immigration officials "because of prior interrogation sessions or other coercive experiences in his or her home country." *See id.*

■ Despite Zou's arguments, we find that the record of Zou's airport interview was sufficiently reliable to merit consideration. *See id.* Zou's assertions that she

was scared and hesitant are belied by the record, which suggests that, rather than declining to share with government officials the details of painful experiences, she stated that she did not fear returning to China, had been "well off" there, and did not wish to remain in this country. See *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Indeed, she volunteered that China is "much better than the United States." As the agency noted, Zou was given an opportunity to present additional evidence regarding the credibility of her testimony on remand but declined to do so. The inconsistencies between Zou's testimony and the record of the airport interview are central to Zou's claim where they represent materially different accounts of why she came to the United States and whether she actually fears returning to China. See 8 U.S.C. § 1101(a)(42).

The agency also properly relied on Zou's submission of a fraudulent identity card in finding her to be not credible. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007). Zou argues that the agency erred by relying on the forensic report concluding that the document was fraudulent because the record does not indicate that she was aware that it was. In *Corovic,* we held that "when an applicant contests that he knowingly submitted a fraudulent document, the IJ must make an explicit finding that the applicant knew the document to be fraudulent before the IJ can use the

fraudulent document as the basis for an adverse credibility determination." 519 F.3d at 97–98. Contrary to Zou's argument, the IJ explicitly found that she knowingly submitted the fraudulent identity card. Specifically, he found that Zou would have known for what purpose the photo on the card was taken and that her failure to reasonably explain the document's validity "indicates that the documents were created for the purposes of these removal proceedings and were fabricated and used in an effort to hoodwink the court into believing [her] identity." [1]

Because the only evidence that Zou was persecuted or was likely to be persecuted depended on her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.

---

1. In *Corovic,* we left unanswered the question of whether an IJ is required to make an explicit finding that the applicant knew a document to be fraudulent before the IJ could rely on the submission of that document to support an adverse credibility determination where "the applicant does not raise the issue of knowledge." 519 F.3d at 98. Although Zou has never explicitly claimed that she did not know her identity card was fraudulent, she did assert that the document was valid when confronted with the forensic report stating it was counterfeit. We need not determine whether the IJ would have erred in failing to make an explicit finding that Zou knew the document was fraudulent under

these circumstances because the IJ did make such a finding here.

